# EXHIBIT A

**IN THE CIRCUIT COURT OF ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI -DADE COUNTY FLORIDA**

LORENZO LEWIS, an individual

           Plaintiff,

vs.

Case No:

AKIMA GLOBAL SERVICES, LLC, a Foreign Limited
Liability Company, and Sandra Rivera, an individual,
           Defendants.

## COMPLAINT

## PRELIMINARY ALLEGATIONS

### (Parties)

1.  Plaintiff Lorenzo Lewis (hereinafter "Plaintiff" or "Lewis") is, and at all times material hereto was, an individual residing in the County of Miami-Dade County, state of Florida.

2.  Defendant Akima Global Services, LLC, (hereinafter "Akima") authorized to do business and doing business in the county of Miami-Dade, state of Florida.

3.  Defendant Sandra Rivera (hereinafter "Rivera") is, and at all times material hereto was, an individual residing in the county of Miami-Dade, state of Florida.

### (Venue)

4.  The acts and transactions herein alleged took place in the county of Miami-Dade, state of Florida.

### (Jurisdiction)

5.  This is an action for damages in excess of the sum of fifteen thousand dollars ($15,000.00) exclusive of interest, costs and/or attorneys' fees.

### (General Factual Allegations)

6.  AKIMA is a global company that provides security services in South Florida.

7. Plaintiff Lewis was initially hired as a Captain with AKIMA on or about February 2018.

8. During his employment, Lewis was constantly discriminated and harassed by Ms. Rivera based upon his age and his participation in an investigation at AKIMA.

9. On several occasions, Ms. Rivera would subject Lewis to different terms and conditions of employment. Ms. Rivera would recommend to Lewis retirement because of his age on multiple occasions.

10. Ms. Rivera as an agent for AKIMA did not treat workers under 40 years of age similar when they made mistakes or errors.

11. In December 2018, Lewis complained about the harassment and the personal vendetta that Ms. Rivera had against him to AKIMA management, to no avail.

12. Again, in January 2019, Lewis complained and demanded an internal investigation regarding complaints of discrimination by Rivera in the workplace.

13. Unfortunately, Rivera became aware of Lewis's involvement in the investigation and began to subject Lewis to different terms and conditions of employment by unjustly criticizing his work, yelling at him and threatening him with termination.

14. In response to Lewis's lawful complaint, Ms. Rivera increased the discrimination and harassment in retaliation of his lawful complaint by refusing to take his incident reports per company policy.

15. Again, on May 3, 2019, Lewis was wrongfully suspended by Rivera for allegedly not providing incident reports for an incident involving a protestor.

16. Rivera alleged that Lewis did not provide the incident reports from his guards on duty which led to the suspension of Lewis.

17. AKIMA discriminated and harassed Plaintiff Lewis on the basis of age and Lewis was constructively terminated due to the discriminatory workplace environment he was subjected to by AKIMA management.

## COUNT I

### Age Discrimination – Violation of Florida Statute 760.10(1)(a)
### As Against Defendant AKIMA

18. Plaintiff Lewis repeats and realleges each and every allegation in paragraphs 1 through 17 above as though fully set forth at length herein.

19. At all times mentioned in this complaint, all provisions of the Florida Civil Rights Act of 1992 were in full force and effect and were binding on Defendant AKIMA.

20. At all times mentioned in this complaint, Plaintiff Lewis was an employee of Defendant AKIMA and Defendant AKIMA was an Employer as defined by Florida Statute § 760.02(7).

21. Plaintiff Lewis is a 62-year-old male. During Plaintiff Lewis's employment with Defendant AKIMA, Defendant AKIMA through the conduct of its agents and managers discriminated against Plaintiff Lewis on the basis of his age and subjected Plaintiff Lewis to adverse employment actions on the basis of his age. Defendant AKIMA's discrimination included, but was not limited to, the following:

   a. Subjecting Plaintiff Lewis to different terms, conditions, and discipline than younger employees;

   b. Subjecting Plaintiff Lewis to arbitrary, unfair, and dishonest criticisms regarding work assignments;

   c. Allowing Plaintiff Lewis's supervisor to single out Plaintiff Lewis and subject him to severe or pervasive adverse employment actions by taking away all authority from him;

   d. Allowing younger Captains to perform his duties,

   e. Threatening Plaintiff Lewis with termination; and,

   f. Wrongfully terminating his employment.

22. Plaintiff Lewis filed timely charges of age discrimination and harassment with the Florida Commission on Human Relations ("FCHR", hereinafter) through the United States Equal

Employment Opportunity Commission ("EEOC", hereinafter). In his charges, Plaintiff Lewis set forth examples of Defendant's wrongful harassing conduct. A copy of Plaintiff Lewis's EEOC charge is attached hereto as Exhibit "A," and is incorporated herein by reference. The FCHR has not made a determination with respect to the claims made in Plaintiff Lewis's EEOC charge. Plaintiff Lewis waited 180 days from the date he filed his charge with the EEOC before filing this lawsuit. Therefore, Plaintiff Lewis has exhausted all of his administrative remedies.

23. As a proximate result of Defendant's unlawful conduct, as set forth above, Plaintiff Lewis has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay, and other employment benefits, all to his detriment, in an amount to be shown according to proof.

24. As a further proximate result of Defendant's unlawful conduct, Plaintiff Lewis has suffered and continues to suffer psychological injuries, embarrassment, humiliation, mental anguish and other general damages, all to his detriment, in an amount to be shown according to proof.

25. Moreover, as a result of Defendant's unlawful conduct, as alleged herein, Plaintiff Lewis is entitled to reasonable attorneys' fees and costs of said suit as provided by Florida Statute §760.11.

26. Plaintiff Lewis demands judgment against the Defendant AKIMA, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## COUNT II
### Age Harassment – Violation of Florida Statute 760.10(a)
### as against Defendant AKIMA

27. Plaintiff Lewis repeats and realleges each and every allegation in paragraphs 1 through 17 above as though fully set forth at length herein.

28. At all times mentioned in this cause of action, all provisions of the Florida Civil Rights Act of 1992 were in full force and effect and were binding on Defendant.

29. At all times mentioned in this cause of action, Plaintiff Lewis was an employee of Defendant AKIMA and Defendant AKIMA was an Employer as defined by Florida Statute 760.02 (7).

30. Plaintiff Lewis is a 62-year-old male. During Plaintiff Lewis's employment with Defendant AKIMA, Defendant harassed Plaintiff Lewis on the basis of his age and subjected Plaintiff Lewis Lewis to an intimidating, hostile and offensive work environment. Defendant's harassment included, but was not limited to, the following:

   a. Subjecting Plaintiff Lewis to different terms and conditions of employment than employees under 40 years of age;

   b. Holding Plaintiff Lewis to different standards than younger employees and taking away his projects to give to non-managers;

   c. Treating Plaintiff Lewis differently than younger employees by not investigating his lawful complaints;

   d. Treating Plaintiff Lewis differently than employees under the age of 40 years old by subjecting Plaintiff Lewis to excessive harassment when evaluating his work performance and requiring him to report to Rivera every day;

   e. Allowing Plaintiff Lewis's supervisor to treat Plaintiff Lewis differently than younger employees by trying to humiliate him in front of his colleagues;

   f. Allowing Plaintiff Lewis's supervisor to subject Plaintiff Lewis to arbitrary, unfair, and dishonest criticisms; and

   g. Wrongfully terminating Plaintiff Lewis without cause.

31. Plaintiff Lewis filed timely charges of age harassment with the Florida Commission on Human Relations ("FCHR", hereinafter) through the United States Equal Employment Opportunity Commission ("EEOC", hereinafter). In his charges, Plaintiff Lewis set forth examples of Defendant's wrongful harassing conduct. A copy of Plaintiff Lewis's EEOC charge is attached

hereto as Exhibit "A," and is incorporated herein by reference.  The FCHR has not made a determination with respect to the claims made in Plaintiff Lewis's EEOC charge.  Plaintiff Lewis waited 180 days from the date he filed his charge with the EEOC before filing this lawsuit. Therefore, Plaintiff Lewis has exhausted all of his administrative remedies.

32. As a proximate result of Defendant's unlawful conduct, as set forth above, Plaintiff Lewis has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof.

33. As a further proximate result of Defendant's unlawful conduct, Plaintiff Lewis has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish and other general damages, all to his detriment, in an amount to be shown according to proof.

34. Moreover, as a result of Defendant's unlawful conduct, as alleged herein, Plaintiff Lewis is entitled to reasonable attorneys' fees and costs of said suit as provided by Florida Statute §760.11.

35. Plaintiff Lewis demands judgment against Defendant AKIMA, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT III
### Violation of Florida's Private Whistleblower Statute F.S. §448.101
### as against Defendant AKIMA

36. Plaintiff Lewis repeats and realleges each and every allegation in paragraphs 1 through 17 above as though fully set forth at length herein.

37. This is an action for violation of the Florida Private Sector Whistleblower Act, §§ 448.101- 448.105, Florida Statutes.  Florida Statute §448.102 provides in pertinent part as follows:

Prohibitions. – An employer may not take any retaliatory personnel action against an employee because the employee has:

    a.    Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

    b.    Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

38.    At all times material hereto, Plaintiff Lewis was an employee of Defendant AKIMA within the meaning of Florida Statute §448.101(2).

39.    At all times material hereto, Defendant AKIMA was an employer within the meaning of Florida Statute §448.101(3).

40.    At all times material hereto, Plaintiff Lewis held the position of Captain with Defendant AKIMA.  Plaintiff Lewis was qualified for the position he held and worked diligently during his employment.

41.    Plaintiff Lewis objected to and complained about the discrimination and harassment, for which he was being subjected to by AKIMA management.

42.    As a result of Defendant's constant discrimination and harassment, Plaintiff Lewis made a complaint to management.

43.    As a result of Plaintiff Lewis's complaints of discrimination and harassment on the basis of his age and participation in an investigation of discrimination in the workplace, Defendant AKIMA constructively terminated Plaintiff Lewis's employment.

44.    Defendant's actions as described above violated Florida Statute §448.102 and constituted a prohibitive employment practice.

45.    As a proximate result of Defendant's unlawful conduct, as set forth above, Plaintiff Lewis has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay

and other employment benefits, all to Plaintiff Lewis's detriment, in an amount to be shown according to proof.

46. As a further proximate result of Defendant's unlawful conduct, Plaintiff Lewis has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish and other general damages, all to Plaintiff Lewis's detriment, in an amount to be shown according to proof.

47. Moreover, as a result of Defendant AKIMA unlawful conduct, as alleged herein, Plaintiff Lewis is entitled to reasonable attorneys' fees and costs of said suit as provided by Florida Statute §448.101.

48. Plaintiff Lewis demands judgment against Defendant AKIMA, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT IV
### Tortious Interference with a Business/Employment Relationship as against Defendant Nancy Rivera

49. Plaintiff Lewis repeats and realleges each and every allegation in paragraphs 1 through 17 above, as though fully set forth at length herein.

50. Plaintiff Lewis alleges that at all times relevant to this cause of action, Defendant Rivera knew Plaintiff Lewis had a business/employment relationship with Defendant AKIMA and knew the terms and conditions of Plaintiff Lewis's business/employment with Defendant AKIMA.

51. Defendant Rivera tortiously interfered with Plaintiff Lewis's business/employment relationship by:

    a. Creating a hostile work environment on the basis of Plaintiff Lewis's age;
    b. Harassing Plaintiff Lewis;
    c. Providing misleading information to AKIMA management in an attempt to influence and advise AKIMA to initiate an adverse employment action against Plaintiff Lewis;
    d. Retaliating against Plaintiff Lewis for objecting to age discrimination/harassment and by terminating Plaintiff Lewis for participating in an investigation.

52. Defendant Rivera intended on interfering with the business/employment relationship between Plaintiff Lewis and AKIMA, when she engaged in the conduct outlined above in paragraph 51.

53. As a proximate result of Defendant Rivera's tortious interference as alleged herein, Plaintiff Lewis has suffered substantial losses and damages incurred in lost income, lost future income, bonuses, medical benefits and other compensation, back pay, front pay, and in earning capacity in an amount to be determined according to proof.

54. As a further direct and proximate result of the wrongful acts of Defendant Rivera, Plaintiff Lewis has suffered shock, anger, embarrassment, humiliation, anguish, and other emotional distress, all to Plaintiff Lewis's general damages in a sum which has not yet been finally ascertained, and which will be shown according to proof.

55. Plaintiff Lewis demands judgment against the Defendant Rivera, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lewis prays judgment against Defendants, as follows:

1. For special and economic damages, including but not limited to, back pay and front pay, past, present, and future income, compensatory damages, lost wages and lost employee benefits, for all causes of action;

2. For general damages and non-economic damages, mental and emotional distress damages, damages for physical injuries and anguish, and other special and general damages according to proof, for all Counts;

3. For an award of interest, including prejudgment interest, at the legal rate;

4. For costs and fees of suit herein incurred;

5. For injunctive relief including requiring Defendant AKIMA to adopt reasonable postings and changes in personnel policies and procedures regarding Age harassment, and discrimination, requiring training about Age discrimination for all managerial employees, for a permanent injunction enjoining Defendant AKIMA, its agents, successors and employees and those acting in concert with them from engaging in

      each of the unlawful practices, policies, usages and customs set forth hereinabove, and for such other injunctive relief as the Court may deem proper;

6. For reasonable attorneys' fees, including attorneys' fees pursuant to the Florida Human Relations Act of 1992 § 760.11;

7. For such other and further relief as the Court may deem proper.

Dated this 9th day of November 2020.

                Respectfully Submitted,

                /s/ David McGill
                _____
                David McGill, Esquire
                Attorney for Plaintiff
                The McGill Law Firm, LLC
                2655 S. Le Jeune Rd Suite 401
                786 375 5621 O
                800 615 9815 F
                Florida Bar No. 021872
                dkmcgill@mcgilllegal.com

EEOC Form 161 (11/16)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lorenzo L. Lewis<br>13221 SW 275th Ter.<br>Homestead, FL 33032 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-04862 | FLORENCIO R. OCAMPO,<br>Investigator | (786) 648-5820 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jacqueline Gabriel for*    09/02/2020

Enclosures(s)    Bradley A. Anderson,    (Date Mailed)
Acting District Director

cc:    **Respondent Representative**
Steven Steinberg
Senior Corporate Counsel
AKIMA GLOBAL SERVICES
2553 Dulles View Drive, Suite 700
Herndon, VA 20171

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2019-04862 |

Florida Commission On Human Relations
*State or local Agency, if any*
and EEOC

| Name | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Lorenzo L. Lewis | (305) 720-4000 | 1956 |

Street Address: 13221 SW 275th Ter. Homestead, FL 33032

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| AKIMA GLOBAL SERVICES | 15 - 100 | (305) 720-4000 |

Street Address: 970 Bougainville BLVD,, Homestead, FL 33033

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-01-2018   Latest: 05-06-2019

DISCRIMINATION BASED ON:
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am 62 years old. I have been employed with the above-named employee since February 2018, as a Captain. Throughout my employment, I have noticed that Ms. Sandra Rivera did not allow me to conduct some of the duties of a Captain whereas younger Captains (i.e. Herbert King & Tom Ryan) were allowed to conduct these duties. Specifically, Ms. Rivera did not allow me so schedule my guards, discipline guards while off duty, or observe any of the incoming guards. Ms. Rivera has also commented to me and my wife that I should consider resigning because she believed that due to my age, I was unable to conduct my duties. On several occasions, I have made attempts to alleviate the situation and address Ms. Rivera's discriminatory actions but my complaints were never investigated. On December 2018, I spoke to Mr. Carlos Devarona (Project Manager) regarding Ms. Rivera's unfair treatment but no action was taken. On January 2019, I also complained to Mr. Terry Nelson (Director of Operations) regarding the unfair treatment and harassment by Ms. Rivera but once again no action was taken. Shortly after complaining, I noticed that Ms. Rivera began retaliating against me. On two different occasions, Ms. Rivera refused to accept my incident reports. Despite taking the appropriate steps and disciplining both Ms. Amanda Sotomayor and Mr. Mr. Brian Visney, Ms. Rivera refused to accept each incident report and continued to retaliate against me. On April 2019, there was an incident with a client (CHSI) in which I handled the situation and incident reports were made. Despite taking the appropriate measures, I was suspended because Ms. Rivera allegedly stated that she did not receive any incident reports from the guards on duty. Ms. Rivera accused me of taking a protestor's sign even though a witness confirmed that I never gave that order. On May 3, 2019, Ms. Rivera suspended me even though I never committed any infractions.

On May 6, 2019, I had no choice but to resign from my position due to the constant harassment and retaliation caused by Ms. Rivera.

I believe I was discriminated and retaliated against for complaining against a protected activity due to my age (62) in violation of the Age Discrimination in Employment Act of 1967, as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Jul 09, 2019
Date    Charging Party Signature